IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM E. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 421-047 |
| | ) | |
| WARDEN BROOKS L. BENTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coastal State Prison in Garden City, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff, currently an inmate at Coastal State Prison, brings this action against the following defendants: (1) Warden Brooks L. Benton; (2) Coastal State Prison; (3) Georgia Department of Corrections ("GDOC"); and (4) C. Worthen, ADA Coordinator. Taking all factual allegations of the complaint as true, (doc. no. 16), as the Court must for screening, the facts are as follows.

On January 9, 2021, at 5:30 a.m., Plaintiff was in the breakfast line at Coastal State Prison when an electrical outlet on the wall exploded and burning plastic pieces fell on Plaintiff's head, neck, and back. (Id. at 5.) Inmates assisted Plaintiff in putting out the fire and removing the plastic pieces. (Id. at 12.) Plaintiff was denied timely medical treatment and his injuries have worsened. (Id.) Plaintiff asserts claims for deliberate indifference and cruel and unusual punishment, alleging the electrical system failed to satisfy GDOC and ADA standards. (Id. at 4) Plaintiff seeks $250,000 in compensatory damages for medical expenses and pain and suffering. (Id. at 5.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2. Plaintiff No Longer Brings Any Claims Against Defendants Deputy Warden C. Betterson, Unit Manager Love, Correctional Officer Stratton, Nurse Jackson, Dr. Cifuentes, and Deputy Warden P. Glenn**

Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). Plaintiff originally named Deputy Warden C. Betterson, Unit Manager Love, Correctional Officer Stratton, Nurse Jackson, Dr. Cifuentes, and Deputy Warden P. Glenn as

Defendants. (See doc. no. 1.) However, Plaintiff's amended complaint no longer names them as Defendants, and does not make any allegations associating them with a purported constitutional violation. (See generally doc. no. 16.) Dismissal is therefore appropriate. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

### 3. Coastal State Prison Is Not Subject to Liability in a § 1983 Suit.

Coastal State Prison is not a proper party because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly,

Plaintiff's claims against Defendant Coastal State Prison should be dismissed without prejudice.

### 4. Plaintiff Fails to State a Valid ADA Claim

Title II of the ADA prohibits public entities from discriminating against individual with disabilities or denying them services because of their disabilities. See 42 U.S.C. § 12132. Because only public entities are liable for such Title II violations, any claims against Defendants in their individual capacities fail. Mazzola v. Davis, 776 F. App'x 607, 610 (11th Cir. 2019) (*per curiam*) (citations omitted). A discrimination claim under the ADA against state prison officials sued in their official capacity requires a prisoner to satisfy three components:

> (1) that he is a qualified individual with a disability; and (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Id. (citation omitted).

Plaintiff's allegations fails to satisfy all three elements. While he states in conclusory fashion that he is an ADA qualified individual, he gives no facts to support this legal assertion. Nor does he allege any facts to satisfy the second and third elements. See Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 765 (11th Cir. 2020) (*per curiam*) ("Even assuming Siskos sufficiently alleged that he is a qualified individual with a disability, he failed to allege facts supporting a finding that FDOC excluded him from participation in prison services, denied him the benefits of prison services, or otherwise discriminated against him based on his mental illness."). Therefore, Plaintiff fails to state a valid ADA claim.

### 5. Plaintiff Fails to State a Claim Against Defendants for Violating GDOC Policies and Procedures

Plaintiff generally alleges Defendants violated prison polices and procedures concerning housing safety measures. (Doc. no. 16, p. 4.) An allegation of non-compliance with a prison or jail regulation by prison and jail officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. at 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates"); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants based on any alleged violation of polices and procedures

### 6. Plaintiff Fails to State a Claim for Deliberate Indifference

The complaint fails to state a viable claim based on the allegation that Defendants were deliberately indifferent to Plaintiff's safety by placing two JPAY tablets into an electrical socket. "[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. However, "inmates cannot expect the amenities, conveniences and

services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Here, Plaintiff makes no allegations Defendants placed the JPAY tablets in the electrical sockets or "knew or should have known" of this allegedly dangerous condition. Nor does Plaintiff allege any Defendant knew specific facts from which an inference could be drawn that a substantial risk of harm existed to Plaintiff or any other inmate, that any Defendant actually drew this inference, or that they did not respond reasonably to this risk. At most, Plaintiff alleges Defendants were merely negligent in failing to notice the tablets and remove them. See Clark v. Allen, 2:09-CV-1065-WKW, 2012 WL 949814, at *5 (M.D. Ala. Feb. 27, 2012) *report and recommendation adopted*, 2:09-CV-1065-WKW, 2012 WL 949777 (M.D. Ala. Mar. 20, 2012) (citing Arnold v. South Carolina Dep't of Corr., 843 F.Supp. 110, 113 (D. S.C. 1994) ("[t]o convert conduct that does not even purport to be punishment into 'cruel and unusual punishment,' defendants must demonstrate more than ordinary lack of due care for the prisoner's interests or safety").

With respect to medical care, Plaintiff vaguely alleges he was denied timely medical treatment. (Doc. no. 16, p. 6.) This bare allegation is woefully inadequate to state a claim for deliberate indifference to his serious medical needs. To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay

8

person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Further, to determine "whether a delay in treatment rises to the level of deliberate indifference, relevant factors include: '(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Johnson v. Forsyth County Bd. of Com'rs, 2:14-CV-00173-RWS-JCF, 2015 WL 1725717 (N.D. Ga. Mar. 10, 2015) (quoting Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007)).

While Plaintiff alleges a delay in medical treatment, he does not allege any defendant knew about his serious medical need and was responsible for ensuring Plaintiff received medical care. Absent allegations of a defendant deliberately delaying treatment resulting in a worsened medical condition, Plaintiff's claim must fail. See Fuller v. Baldwin, 2015 WL 1279726 at *8 (N.D. Al. Mar. 20, 2015) (dismissing a delay claim for failing to allege facts to show excessiveness or resulting harm).

Accordingly, Plaintiff fails to state a claim for deliberate indifference against Defendants. Rodriguez, 508 F.3d at 617 (11th Cir. 2007).

## II.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should also deny Plaintiff leave to appeal IFP. Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. P.

24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff IFP status on appeal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Deputy Warden C. Betterson, Unit Manager Love, Correctional Officer Stratton, Nurse Jackson, Dr.

10

Cifuentes, Deputy Warden P. Glenn, and Coastal State Prison be dismissed from this case, and Plaintiff's claims for ADA violations, GDOC policy violations, and deliberate indifference be dismissed for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**. The Court further **RECOMMENDS** Plaintiff be **DENIED** leave to appeal IFP.

SO REPORTED and RECOMMENDED this 20th day of December, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA